### KNOLL ASSOCIATES, Inc. v. BURTMAN ORNAMENTAL IRON WORKS, Inc.

United States District Court, D. Massachusetts.

Dec. 4, 1950.

Guterman & Guterman, Harold Horvitz and Abraham Wekstein, all of Boston, Mass., for plaintiff.

LaRue Brown and Brown, Field, McCarthy & Field, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case is before me on defendant's motion to dismiss, filed October 11, 1950.

The complaint stated summarily alleges that plaintiff and defendant are citizens of different states; that plaintiff is the designer, manufacturer and seller of a "modern" chair depicted in a photograph annexed to the pleading; that defendant has "slav-

ishly" copied that chair, manufactured the copy and offered it for sale; and that such copying, manufacture and sale constitute unfair competition against which the plaintiff is entitled to be protected by this Court.

 Both parties agree that in this case, brought before a court of the United States on the basis of diversity jurisdiction, this Court is obliged to apply Massachusetts state principles of conflict of laws. Both parties further agree that since some, if not all, of the competition has occurred within Massachusetts, a Massachusetts state court would apply, and therefore this Court should apply, the Massachusetts substantive law of tort. Finally, the parties agree that the Massachusetts substantive law of tort is uncodified and unaffected by any Massachusetts statute.

Defendant's theory is that it appears from the face of the complaint and the picture attached thereto that the chair for which the plaintiff seeks protection consists of nothing but functional features and that there is no non-functional aspect of the chair, no ornamental design and no other aspect of the furniture to which a secondary meaning could attach.

Plaintiff's contention is that there are aspects of the chair to which such a secondary meaning could attach, and in its view these are not fully disclosed by the photograph or particularized by the appropriately broad allegations in its complaint. Plaintiff asserts that at the trial itself it would be prepared to dilate upon the non-functional aspects of the chair that have potential secondary significance.

 Perhaps I could dispose of this case by holding plaintiff strictly to the allegations in its complaint and the photograph that it chose to attach thereto. However, I should prefer to give plaintiff an opportunity to show what evidence it has available, if any there be, to make a stronger showing than it has yet done. To accomplish that object I shall and hereby do

1. Deny defendant's motion to dismiss;

2. Give defendant 10 days in which to file a motion for summary judgment under Fed.Rules Civ.Proc. rule 56(b), 28 U.S.C.A. (to which, as far as now appears, there would be no need of attaching supporting affidavits); and

3. Give plaintiff an additional 10 days in which to serve opposing affidavits summarizing the evidence upon which plaintiff would rely if the case were to be tried in full, particularly evidence regarding the so-called secondary meaning now adhering to plaintiff's modern chair.

If the second and third steps listed in the preceding paragraph are taken, I shall set the matter down for hearing on defendant's motion for summary judgment and the affidavits in opposition thereto.